1

**LAW OFFICE OF STEWART KATZ**
STEWART KATZ, State Bar #127425

2

555 University Avenue, Suite 270

3

Sacramento, California 95825
Telephone: (916) 444-5678

4

5

Attorney for Plaintiff
SAMUEL J. LaVIGNE

6

7

**UNITED STATES DISTRICT COURT**

8

**EASTERN DISTRICT OF CALIFORNIA**

9

10

SAMUEL J. LAVIGNE,

NO.

11

Plaintiff,

12

**COMPLAINT FOR VIOLATION OF
CIVIL RIGHTS AND STATE LAW
[42 U.S.C. § 1983 - Excessive Force;
Battery; Bane Act]**

vs.

13

14

STEPHEN JOHNSON; JOHN PRICE;
BRENT NEWMAN; DOES 1 THROUGH
10,

15

**JURY TRIAL DEMANDED**

16

Defendants.

17

_____/

18

Plaintiff complains and alleges as follows:

19

**I.  JURISDICTION**

20

1.      This Complaint seeks damages and attorney's fees pursuant to Title 42 U.S.C.

21

sections 1983 and 1988 for the violation of plaintiff's civil rights. Jurisdiction is founded

22

upon Title 28 U.S.C. sections 1331 and 1343. This court has supplemental jurisdiction over

23

plaintiff's state law claims pursuant to 28 U.S.C. section 1367.

24

**II.  VENUE**

25

2.      Plaintiff's claims alleged herein are based upon actions which occurred in

26

multiple locations within the County of Placer, California.   Therefore, venue lies in the

27

Eastern District of California pursuant to 28 U.S.C. section 1391(b)(2).

28

LaVigne - Complaint for Damages                    1

1

### III.  INTRODUCTION

2    3.    This is a federal civil rights action with supplemental state law claims arising

3  from the unlawful and unjustified beating and choking of Samuel J. LaVigne on December

4  15, 2017 by Stephen Johnson, who was, at the time, a CHP officer.

5

### IV. PARTIES

6    4.    During all times mentioned in this Complaint, plaintiff Samuel J. LaVigne was, and

7  is, a United States citizen and is a resident of Colfax, California.

8    5.    Defendant Stephen Johnson (Badge No. 13676) was at all times mentioned in this

9  Complaint employed by the California Highway Patrol as a highway patrol officer. Johnson

10  was acting under color of state law and is being sued in his individual capacity.

11    6.    Defendant John Price was at all times mentioned in this Complaint employed by

12  the California Highway Patrol as a Captain. Price was acting under color of state law and is

13  being sued in his individual capacity.

14    7.    Defendant Brent Newman was at all times mentioned in this Complaint

15  employed by the California Highway Patrol as Valley Division-Chief. Newman was acting

16  under color of state law and is being sued in his individual capacity.

17    8.    The true names and identities of Defendants Doe 1 through 5 are presently

18  unknown to plaintiff. Plaintiff alleges on information and belief that each of Defendants Doe

19  1 through 5 were employees of the California Highway Patrol and were acting under color

20  of state law. Defendants Doe 1 through 5 failed to intervene and protect plaintiff from

21  Johnson's illegal and unconstitutional assaults alleged herein, despite having ample

22  opportunity to do so.  Defendants Doe 1 through 5 are being sued in their individual

23  capacity.

24    9.    The true names and identities of Defendants Doe 6 through 10 are presently

25  unknown to plaintiff. Plaintiff alleges on information and belief that each of Defendants Doe

26  6 through 10 were employees of the California Highway Patrol responsible for the direct

27  supervision of Johnson and/or Defendants Doe 1 through 5.  Defendants Doe 6 through 10

28

LaVigne - Complaint for Damages          2

1    were acting under color of state law. Defendants Doe 6 through 10 are being sued in their

2    individual capacity.

### V. EXHAUSTION OF GOVERNMENT TORT CLAIM PROCEDURES

4        10.    On June 8, 2018, Plaintiff filed a timely government tort claim with the State of

5    California Government Claims Program as a prerequisite to the state law claims alleged

6    herein.

7        11.    In a letter dated August 1, 2018, the Government Claims Program rejected the

8    claim.

### VI.  FACTUAL ALLEGATIONS

10       12.    At the time of this incident, Plaintiff Samuel J. LaVigne (referred to hereinafter

11   as "LaVigne") was 36 years old. He stood 5'11" tall and weighed approximately 140

12   pounds.  LaVigne is a member of the laborer's union and a long-time employee of Unger

13   Construction, a highly regarded commercial general contractor. He has sole custody of and

14   cares for his 10 year old daughter.

15       13.    While driving on the evening of December 15, 2017, LaVigne was pulled over

16   by CHP Officer Stephen Johnson (hereinafter referred to as "Johnson") for not properly

17   stopping at a stop sign. Asked by Johnson if he had been drinking, LaVigne responded

18   "yes". LaVigne cooperated with a field sobriety test and Johnson decided to arrest him on

19   suspicion of driving under the influence of alcohol. LaVigne was arrested without incident

20   and transported to the Newcastle Highway Patrol Office.

21       14.    LaVigne was handcuffed, with his hands behind his back, and remained

22   handcuffed throughout the incident. Prior to leaving the scene of the arrest, LaVigne was

23   searched and found to have no weapons.

24       15.    Once at the Newcastle Highway Patrol Office, LaVigne complied with requests

25   that he take breath alcohol tests. LaVigne believes that the results of those tests were

26   significantly above the legal limit.

27       16.    While sitting and waiting in an armless, molded, plastic chair after the tests,

28   LaVigne  stood up to look for a restroom. As LaVigne stood up and took two steps to his left

LaVigne - Complaint for Damages              3

1  looking down the hallway for a restroom, Johnson told him to sit down. As LaVigne turned

2  back to the right, and before he had a chance to sit down, Johnson grabbed LaVigne by the

3  throat with one hand and LaVigne's shoulder with the other and slammed him back into the

4  chair. Johnson then, while facing LaVigne, used both his hands around LaVigne's neck to

5  lift him back out of the chair and slam his head against a counter top behind the chair. As

6  Johnson held his head against the counter, he used both hands to squeeze his neck. As a

7  result of the strangling, LaVigne's vision was affected, he could not breathe, and he almost

8  passed out. While choking LaVigne, Johnson was face to face with him yelling threats. This

9  choking, which was the first of two such episodes, lasted approximately 40 seconds or

10  longer. At no time did LaVigne have anything in his hands or attempt to grab any object

11  which could have been used as a weapon.

12      17.    There was no justification for Johnson's strangling LaVigne, who was

13  handcuffed.

14      18.    There were three or more other CHP officers in the room who stood or sat by and

15  showed no reaction while Johnson slammed LaVigne into a hard surface while choking him.

16  Two or more of those officers, referred to for now as Defendants Doe 1-5, were within a few

17  feet of Johnson and LaVigne. Based on their positions in the room, all of the other officers

18  must have seen what was occurring and all knew that choking a handcuffed arrestee was an

19  unreasonable and excessive use of force that threatened to cause LaVigne great bodily injury

20  or death. There was both the time and the opportunity for any of the other officers in the

21  room to have intervened to stop Johnson and protect LaVigne from Johnson's attacks. None

22  of the officers did so.

23      19.    Despite the fact that Johnson had just brutally choked and attacked the

24  handcuffed LaVigne without cause or justification, as witnessed by the other officers,

25  Defendants Doe 1-10 allowed Johnson to subsequently transport LaVigne to the Placer

26  County Jail, thereby again failing to intervene to protect LaVigne from Johnson's second

27  choking episode and violent attack which occurred on the way to the jail.

28

LaVigne - Complaint for Damages            4

1    20.    Johnson put the handcuffed LaVigne in the front passenger seat of a SUV type

2   patrol vehicle which did not have a rear seat "cage" in which to place a prisoner. Johnson

3   used leg restraints to attach LaVigne's feet to the floor of the car underneath the seat.  He

4   then slid the seat all the way forward to the point that LaVigne's knees were touching the

5   dashboard. This positioning was intentionally done to maximize LaVigne's discomfort.

6   There was a verbal exchange beween LaVigne and Johnson regarding the positioning.

7    21.    As Johnson drove to the Placer County Jail in Auburn, his rage resurfaced and

8   reached an even higher level than he displayed at the station. He ranted, "I'm the boss" and

9   accused the handcuffed LaVigne of "messing with" the vehicle's equipment.

10    22.    About halfway to the jail, the second choking episode occurred.  Johnson started

11   grabbing at LaVigne's throat again and used his thumb on the underside of LaVigne's chin

12   and the upper portion of his neck to push LaVigne's head toward the passenger side

13   window. LaVigne tried to put his head down or out of the way to deflect Johnson's attack.

14   On approximately the third time that Johnson went after LaVigne's neck, Johnson karate-

15   chopped so hard in the center of LaVigne's throat that LaVigne instantly and involuntarily

16   keeled forward. Johnson then put his hand on the back of LaVigne's head and pushed it

17   down to the center of the seat while he called for backup. Johnson wrapped his left arm

18   around LaVigne's neck in a choke hold and used his other arm to drop elbows on LaVigne's

19   back and the back of his head. All the while, he continued driving and steering the car with

20   his knees. To this day, the source of Johnson's rage remains a mystery to LaVigne.

21    23.    As a result of Johnson's attack, LaVigne lost consciousness and, while in that

22   state, urinated on himself.

23    24.    When LaVigne regained consciousness, the CHP vehicle was parked on the side

24   of the road in the vicinity of I-80 and Maple Street. A number of officers from various

25   departments had responded to that location in response to Johnson's request for back-up.

26   Unknown officers pulled LaVigne out of Johnson's car while yelling at him. They put him

27   on the ground face down. Then they attached the leg straps to his handcuffs, thus, hogtieing

28   him.

LaVigne - Complaint for Damages              5

1    25.    The other officers picked LaVigne up and were starting to put him back in

2    Johnson's car. LaVigne protested and pleaded that he not be placed back in the car with

3    Johnson. He was finally placed in the back of another police car.

4    26.    LaVigne's brother-in-law, a sergeant for the Placer County Sheriff's Department,

5    was one of the officers who arrived in response to Johnson's call for back-up. LaVigne's

6    brother-in-law instantly recognized his voice and informed others present of their

7    relationship which seemed to defuse the situation slightly. LaVigne's handcuffs were finally

8    loosened and a different officer (not Johnson) transported him to the jail.

9    27.    During all of Johnson's attacks, LaVigne was unarmed, handcuffed and not

10    engaging in any assaultive, dangerous or threatening behavior. The only persons placed in

11    danger were LaVigne and any other drivers on the road traveling near Johnson, should he

12    have lost control of the vehicle while he was unleashing his out-of-control assault on

13    LaVigne.

14    28.    As a result of being twice beaten, choked and strangled, LaVigne suffered blunt

15    trauma, bruising, abrasions, neck injuries including a thyroid cartilage fracture, neck and

16    back pain with spasms, rib pain, chest pain when breathing, injury to his right shoulder, right

17    hand ulnar pain, dizziness, cluster headaches, and significant pain and suffering.

18    29.    In addition to incurring significant medical expenses related to x-rays, CT scans,

19    MRIs and multiple visits to hospitals and physicians, LaVigne has lost work and potentially

20    significant future earning capacity as significant injuries persist.

21    30.    On information and belief, CHP and defendants Price and Newman and

22    Defendants Doe 6-10 were on actual notice that Johnson had violent and dangerous

23    propensities that made him unsuitable to be a law enforcement officer; and Price, Newman

24    and Defendants Doe 6-10 had personal knowledge of Johnson's violent and dangerous

25    propensities based on prior incidents during his employment with CHP which had been

26    reported to them. Despite knowing about Johnson's violent and dangerous propensities,

27    defendants Price and Newman did not adequately supervise, train or see that Johnson

28

LaVigne - Complaint for Damages              6

1    received appropriate mental health treatment for a substantial period of time prior to and

2    leading up to the events of December 15, 2017, as well as on that day.

3         31.    After the incident, LaVigne reported the misconduct to the CHP. He voluntarily

4    subjected himself to an interrogation by multiple CHP investigators during which he made a

5    number of statements against his own penal self-interest in truthfully answering all the

6    questions asked so that Johnson might be both held accountable and to prevent other

7    individuals from suffering the same sorts of abuse by Johnson.

8         32.    LaVigne was never charged with a crime in connection with his arrest for driving

9    under the influence of alcohol despite overwhelming evidence of his guilt. Plaintiff asserts

10   on information and belief this is because Johnson was unwilling to cooperate with the

11   prosecution because Johnson was afraid to incriminate himself on the witness stand and thus

12   increase the likelihood of Johnson facing felony charges.

### VII. CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
**Unreasonable Seizure/Excessive Force/Failure to Intervene**
**(Violation of the Fourth Amendment to the U.S. Constitution:**
**Actionable under 42 U.S.C. §1983)**
*(Against Defendants Johnson and Does 1-5)*

17        33.    La Vigne re-alleges and incorporates by reference paragraphs 1 through 32, as

18   though fully set forth herein.

19        34.    The actions of defendant Johnson, as alleged herein, interfered with the exercise

20   and enjoyment of plaintiff's civil rights as guaranteed by the Fourth Amendment to the U.S.

21   Constitution. Specifically, defendant interfered with plaintiff's rights when Johnson beat,

22   choked and strangled plaintiff under circumstances where plaintiff did not pose an

23   immediate risk of threat to anyone, and there was no objectively reasonable justification for

24   the use of force. The actions of Defendants Doe 1-5 interfered with plaintiff's said rights

25   when they failed to intervene in Johnson's use of force even though it was obvious that the

26   use of force was unreasonable and unconstitutional; and even though they saw the use of

27   force and knew it to be unreasonable and unconstitutional and were close enough to have

28   intervened, they did not intervene.

LaVigne - Complaint for Damages                7

35.    As a direct and proximate result of said acts and/or omissions by said defendants, plaintiff suffered unreasonable interference with his personal liberty, physical injury, pain and suffering, loss of use, humiliation, emotional distress and other injuries.

36.    The aforementioned acts and/or omissions of said defendants were willful, intentional, wanton, reckless and/or accomplished with a conscious disregard of plaintiff's rights entitling plaintiff to an award of punitive damages.

## SECOND CAUSE OFACTION
### Unreasonable Seizure/Excessive Force
### Actionable under Cal. Civil Code § 52.1(b)/Bane Act)
*(Against Defendants Johnson and Does 1-5)*

37.    La Vigne re-alleges and incorporates by reference paragraphs 1 through 36, as though fully set forth herein.

38.    The actions of defendants Johnson and Defendants Doe 1-5 as alleged herein interfered with the exercise and enjoyment of LaVigne's civil rights as guaranteed by Article I §§ 1, 7 and 13 of the California Constitution.

39.    Defendants' actions constituted an excessive use of force or failure to intervene in an excessive use of force, a violation of LaVigne's right to bodily integrity, and further interfered with plaintiff's personal rights as guaranteed by § 43 of the California Civil Code.

40.    As a direct and proximate result of said acts and/or omissions by said defendants, LaVigne suffered unreasonable interference with his personal liberty, physical injury, pain and suffering, loss of use, humiliation, emotional distress and other injuries.

41.    The violations of LaVigne's rights as guaranteed by Civil Code § 52.1 (Bane Act) entitles plaintiff to compensatory and punitive damages against said defendants, and attorney fees, all of which are provided for in Civil Code §§ 52.1(b) and 52, and are requested below.

////

////

////

////

LaVigne - Complaint for Damages                8

1
2
3

### THIRD CAUSE OF ACTION
**Individual Supervisory Liability – Failure to Supervise**
**(Actionable under 42 U.S.C. § 1983)**
(*Against Defendants Price, Newman and Does 6-10*)

4   42.   LaVigne re-alleges and incorporates by reference paragraphs 1 through 41, as
5   though fully set forth herein.

6   43.   The aforementioned acts of defendants Johnson and Defendants Doe 1-5 as
7   alleged herein occurred as a direct result of inadequate supervision by defendants Price,
8   Newman and Defendants Doe 6-10. The inadequate supervision by defendants Price,
9   Newman and Defendants Doe 6-10 deprived plaintiff of his rights under the United States
10  Constitution as set forth herein.

11  44.   As a direct and proximate result of the aforementioned actions of defendants,
12  plaintiff suffered injuries and damages as alleged herein.

13  45.   The aforementioned acts and/or omissions of said defendants were willful,
14  intentional, wanton, reckless and/or accomplished with a conscious disregard of plaintiff's
15  rights entitling plaintiff to an award of punitive damages.

16
17

### FOURTH CAUSE OF ACTION
**Battery – California State Law**
(*Against Defendant Johnson*)

18  46.   LaVigne re-alleges and incorporates by reference paragraphs 1 through 45, as
19  though fully set forth herein.

20  47.   The conduct of defendant Johnson as alleged herein constituted a battery.

21  48.   Said conduct was a proximate cause of LaVigne's damages and injuries as
22  alleged herein.

23  49.   The aforementioned acts and/or omissions of defendant Johnson were willful,
24  intentional, wanton, reckless and/or accomplished with a conscious disregard of LaVigne's
25  rights entitling LaVigne to an award of punitive damages against Johnson.

26  ////

27  ////

28

LaVigne - Complaint for Damages                9

## VIII. PRAYER FOR RELIEF

WHEREFORE, LaVigne prays for the following relief:

1. For compensatory, general, pecuniary, economic, non-economic, non-pecuniary and special damages against each defendant, jointly and severally, in the amount proven at trial;

2. For punitive and exemplary damages against each non-governmental individual who is a named defendant in an amount appropriate to punish defendants and deter others from engaging in similar misconduct;

3. For costs and reasonable attorneys' fees pursuant to 42 U.S.C. section 1988, California Code of Civil Procedure section 1021.5, California Civil Code section 52.1 and as otherwise authorized by statute or law;

4. For such other relief, including injunctive and/or declaratory relief, as the court may deem proper.

Dated: January 29, 2019                    Respectfully submitted,

                                           /s/ Stewart Katz
                                           STEWART KATZ
                                           Attorney for Plaintiff


## DEMAND FOR TRIAL BY JURY

Plaintiff Samuel LaVigne hereby demands trial by jury.

Dated: January 29, 2019                    /s/ Stewart Katz
                                            STEWART KATZ
                                           Attorney for Plaintiff

LaVigne - Complaint for Damages            10