UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL J. LAVIGNE, | No. 2:19-cv-00186-TLN-CKD |
| Plaintiff, | |
| v. | ORDER |
| STEPHEN JOHNSON et al., | |
| Defendants. | |

Presently before the court is Plaintiff, Samuel J. Lavigne's motion to compel production of documents from all defendants. (ECF No. 22.) The parties filed a joint statement regarding their discovery dispute and the court held a hearing on January 22, 2020. (ECF Nos. 23, 24.) Following the hearing, the court ordered defendant Johnson to provide the court with documents for in camera review, and defendants Price and Newman to respond to specific requests the court ordered plaintiff to file. (ECF No. 24.) Johnson provided the documents to the court and Price and Newman responded to plaintiff's requests, which included many objections. After having an informal telephonic conference with the parties on February 5, 2020, the court orders defendant Johnson to produce to plaintiff the records provided to the court, Bates Stamped IC0001-IC0037. Additionally, defendants Newman and Price shall provide the court with documents they allege are protected by attorney-client and official-information privileges, for the court to determine the propriety of each privilege during in camera review.

1

DISCUSSION

Plaintiff brings the present case pursuant to 42 U.S.C. § 1983, alleging that after Officer Johnson placed plaintiff under arrest Officer Johnson assaulted plaintiff on two occasions, causing serious injury. (ECF No. 1 at 4-6.) Plaintiff alleges excessive force and battery against Johnson and failure to supervise against defendants Price and Newman. (Id. at 7-9.)

Motion to Compel Johnson's Response

Plaintiff moves to compel Johnson to produce documents that were attached to the investigative report memorializing the incident at the heart of this case. (ECF No. 22 at 2.) Johnson objects that these attachments are part of his personnel file and are therefore protected by his right to privacy. (ECF No. 23 at 4.)

While courts have recognized that officers' privacy rights related to their personnel files are not inconsequential, these privacy interests must be balanced against the great weight afforded plaintiffs in civil rights cases against police departments. Kelly v. City of San Jose, 114 F.R.D. 653, 660 (N.D. Cal. 1987). "[T]hrough constitutional amendment and national legislation the people have made it clear that the policies that inform federal civil rights laws are profoundly important." Id. (citations omitted). In addition, officers' privacy concerns may be sufficiently protected with the use of a "tightly drawn" protective order which specifies that only the plaintiff, his counsel, and his experts may have access to the material, and that copies of such material will be returned to the officers at the conclusion of the case. Id. at 662, 666, 671.

Without addressing the admissibility of the documents, the court finds the information plaintiff seeks relevant to plaintiff's claim and proportional to the needs of the case. See Fed. R. Civ. P. 26(b). The court additionally notes the parties have a protective order in place (ECF No. 16), which precludes non-case-related dissemination of this material and requires confidential documents, such as the ones at issue here, to be returned at the end of litigation. The court therefore orders Johnson to produce the entirety of the file (IC0001-IC0037) to plaintiff by February 7, 2020. These documents shall be produced with the same Bates Numbers as were provided to the court for review. Additionally, Johnson is instructed to ensure that the documents are produced to plaintiff in a legible state.

<u>Defendants Price and Newman's Responses</u>

While this court's order regarding Johnson's personal file moots most of Price and Newman's responses, these defendants also objected to two non-resolved requests, specifically a CHP 268 form and a Chronological Summary, on the bases of attorney-client privilege and official-information privilege, respectively. As the court instructed counsel on the telephonic conference in this matter, because the court cannot determine the validity of the objections without reviewing the documents, defendants Price and Newman are ordered to produce the relevant documents to the court for in camera review, Bates Stamped ICPN0001 et seq. The defendants are also instructed to provide the court relevant documentation and argument to sustain their objections, and address plaintiff's contention that these objections have been waived. Price and Newman shall provide all of these documents to the court, in camera, by February 14, 2020.

<u>CONCLUSION</u>

Accordingly, it is HEREBY ORDERED that plaintiff's motion to compel is granted as to defendant Johnson. By February 7, 2020, defendant Johnson shall produce to plaintiff the documents provided to the court for in camera review (IC0001-IC0037) in a legible state.

As to plaintiff's motion to compel relating to defendants Price and Newman, the court takes the matter under submission and ORDERS that by February 14, 2020, defendants Price and Newman shall provide the Court with CHP 268 form and Chronological Summary, for in camera review, along with a basis for objecting to their production and a response to plaintiff's argument concerning waiver.

Dated: February 6, 2020

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

Jr/186.lavi